UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LOHBECK,<br>Plaintiff,<br>v.<br>AMAZON.COM SERVICES, LLC,<br>Defendant. | Case No. 2:26-cv-02007-DC-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br>(ECF Nos. 10, 13, 17) |

Pending before the Court is Plaintiff Stephen Lohbeck's motion for remand and motion for sanctions, and Defendant Amazon.com Services, LLC's[1] motion to dismiss the First Amended Complaint.[2] (ECF Nos. 10, 13, 17.) Pursuant to Local Rule 230(g), the Court submitted Plaintiff's motion for remand and motion for sanctions and briefs on file. (ECF No. 34.) The Court granted Defendant's request for oral argument on its motion to dismiss, and a hearing was held on August 18, 2026. (ECF Nos. 33, 35.) Taylor Hall appeared as counsel for Defendant; Plaintiff was not present. (ECF No. 35.)

For the reasons that follow, the Court recommends DENYING Plaintiff's motion for remand, DENYING Plaintiff's motion for sanctions, GRANTING Defendant's motion to

[1] Plaintiff initially filed his lawsuit against Amazon.com, Inc., which is the incorrect name of the defendant entity. *See* Def. Mot. at 8 (ECF No. 13).

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

dismiss the First Amended Complaint, and DISMISSING the First Amended Complaint with leave to amend.

## I. BACKGROUND

### A. Factual Allegations[3]

Plaintiff alleges that he was employed by Defendant Amazon.com Services, LLC. First Amended Complaint ("FAC") at 2 (ECF No. 6). Plaintiff alleges that while employed by Defendant, he suffered a work-related injury when he was 75 years old and filed a workers' compensation claim. *Id*. Plaintiff alleges that Defendant "and its agents" informed Plaintiff that due to his age, physical condition, and workers' compensation status, his "continued employment was no longer desired." *Id*. Plaintiff alleges that he "was repeatedly told" he was "too old," "not fit for the job," and "should consider resigning." *Id*. Plaintiff alleges during his workers' compensation settlement negotiations, he was asked to resign from his job "in order to receive his settlement." *Id*. Plaintiff alleges that he objected to this condition. *Id*. Plaintiff alleges that he was nevertheless conditioned on resigning from his job with Defendant as a prerequisite for settlement. *Id*. In addition, Plaintiff's attorney advised him to resign or he would not receive a settlement. *Id*. at 3. Plaintiff alleges that as a result, he "suffered lost wages, emotional distress, humiliation, and other damages." *Id*. at 2.

### B. Procedural Posture

Plaintiff initiated this action in the Sacramento County Superior Court on April 20, 2026, against Defendant. (ECF No. 1-1.) Defendant removed this action to the Eastern District of California on June 1, 2026. (ECF No. 1.) Defendant filed a motion to dismiss the Complaint on June 8, 2026. (ECF No. 5.) Plaintiff then filed the FAC also on June 8, 2026. (ECF No. 6.) On June 15, 2026, Plaintiff filed an opposition to the motion to

---

[3] These facts primarily derive from the FAC (ECF No. 6), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

dismiss. (ECF No. 15.)

On June 9, 2026, Plaintiff filed a motion for remand. (ECF No. 10.) On June 17, 2026, Defendant filed an opposition to the motion to remand. (ECF No. 14.) On June 25, 2026, Plaintiff filed an "Opposition to Defendant's Opposition" to the motion for remand. (ECF No. 20.)

On June 17, 2026, Defendant filed a motion to dismiss the FAC. (ECF No. 13.) On June 25, 2026, Plaintiff filed an opposition to Defendant's motion to dismiss the FAC. (ECF No 19.) On July 2, 2026, Defendant filed a reply to its motion to dismiss. (ECF No. 23.) On July 8, 2026, Plaintiff filed a "Supplemental Opposition" to Defendant's motion to dismiss the FAC without leave. (ECF No. 25.) On August 3, 2026, Defendant filed a request for judicial notice. (ECF No. 29.) Also on August 3, 2026, Defendant filed a request for oral argument on its motion, which the Court granted. (ECF Nos. 31, 33.)

On June 22, 2026, Plaintiff filed a motion for sanctions. (ECF No. 17.) On June 30, 2026, Defendant filed an opposition to Plaintiff's motion for sanctions. (ECF No. 22.) On July 6, 2026, Plaintiff filed a "Response in Favor of Sanctions." (ECF No. 24.) The Court submitted Plaintiff's motion for remand and sanctions motion on the briefs and record pursuant to Local Rule 230(g). (ECF No. 34.)

A hearing was held on August 18, 2026 on Defendant's motion to dismiss the FAC. Though Defendant appeared for the scheduled hearing, Plaintiff did not appear. Because Plaintiff was not present in the courtroom at the scheduled hearing time of 10:00 a.m., the next case on the calendar was called out of order. The case was recalled at 10:30 a.m., but Plaintiff was still not present in the courtroom. No communication was made by Plaintiff via phone or email to court staff regarding his absence. (*See* ECF No. 35.) **Plaintiff is warned that if he fails to appear at future court proceedings, sanctions will issue**.

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases

authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

**B. Removal and Remand**

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

Courts strictly construe the removal statute against removal jurisdiction "and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *GranCare, LLC v. Thrower*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The strong presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Moore-*

*Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

**C. Rule 8, Pro Se Pleadings, Construction and Amendment**

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**D. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**E. Judicial Notice**

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents); *Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

**III. DISCUSSION**

**A. Motion to Remand**

Defendant removed this action based on diversity jurisdiction. Notice of Removal at 3 (ECF No. 1). Plaintiff moves to remand on the grounds that the amount-in-controversy threshold has not been established, that removal was premature and procedurally defective, and that Plaintiff is entitled to fees pursuant to 28 U.S.C.

§ 1447(c). (ECF No. 10.)

Diversity jurisdiction requires the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a). When removal is made on the basis of diversity jurisdiction, “the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.” 28 U.S.C. § 1446(c)(2). “[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a ‘legal certainty’ that the plaintiff cannot actually recover that amount.” *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted).

Here, Defendant points out that the FAC alleges $800,000,000 in punitive and retaliatory damages. FAC at 4. While Plaintiff’s motion for remand states that Defendant has failed to prove the amount in controversy by relying on “conjecture, hypothetical punitive damages, generalized statements about potential damages, and attorney argument,” Pl. Mot. Remand at 3 (ECF No. 10), Defendant was relying on Plaintiff’s allegations in the FAC. The amount-in-controversy requirement is satisfied and Plaintiff’s arguments to the contrary fail. *See* Pl. Mot. Remand at 3; *Guglielmino*, 506 F.3d at 699; *Smiley v. PNC Bank, N.A.*, 2025 WL 304462, at *4 (S.D. Cal. Jan. 27, 2025) (denying motion to remand where plaintiff alleged between $5 million and $10 million in damages but labeled his own allegations as “speculative” because nothing indicated by a “legal certainty” that plaintiff could not recover that amount); *Lin v. Amazon.com Servs. LLC*, 2024 WL 2800985, at *2 (N.D. Cal. May 30, 2024). Plaintiff’s arguments that removal was premature and procedurally improper fail where Defendant timely and properly removed this action. *See* Pl. Mot. Remand at 3. Because Plaintiff has not challenged whether it appears to a “legal certainty” that he cannot recover the amount alleged in his Complaint, Defendant has met its burden to establish the amount-in-controversy requirement.

**B. Motion for Sanctions**

Plaintiff filed a motion for sanctions against Defendant pursuant to 28 U.S.C.

§ 1927 and the Court's inherent authority to issue sanctions alleging that Defendant, in withdrawing its motion to dismiss after Plaintiff filed the FAC and later filing another motion to dismiss created "successive, duplicative, motions," which recycled arguments from the prior motion to dismiss and imposed "needless burden" on Plaintiff. Pl. Mot. Sanctions at 1 (ECF No. 17).

Courts may sanction attorneys for "excess costs, expenses, and attorneys' fees" if they "unreasonably and vexatiously" multiply the proceedings in a case. 28 U.S.C. § 1927. Sanctions under § 1927 "must be supported by a finding of subjective bad faith." *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025) (quoting *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015)). "[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument." *Lake*, 130 F.4th at 1070 (citation omitted). Likewise, under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Courts may also issue sanctions under their inherent authority when attorneys or parties act "in bad faith, vexatiously, wantonly, or for oppressive reasons . . . [or] willfully abuse judicial processes." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

Plaintiff's motion for sanctions should be denied as meritless. As a preliminary matter, "[i]t is well-established in [the Ninth Circuit] that an 'amended complaint supersedes the original, the latter being treated as non-existent.'" *Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F. 3d 1467, 1474 (9th Cir. 1997)). Plaintiff properly amended his complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). By filing the FAC, Defendant's first motion to dismiss was deemed moot. *See Ramirez*, 806 F.3d at 1008. Defendant had fourteen days to respond to FAC and timely filed a motion to dismiss. *See* Fed. R. Civ. P. 15(a)(3); Docket. Therefore, Defendant properly and timely filed a motion to dismiss the FAC and the Court recommends denying Plaintiff's motion

for sanctions as meritless. Plaintiff is cautioned against filing meritless motions for sanctions.

**C. Request for Judicial Notice**

Defendant requests the Court take judicial notice of a legal malpractice complaint filed by Plaintiff in Sacramento County Superior Court against his former attorney and law firm, Brett Gowen of Ratto Law Firm, PC, in the matter of *Lohbeck v. Gowen*, No. 26CV011594. (ECF No. 29.) Plaintiff did not oppose the request. *See* Docket. The request is granted. "The court may judicially notice a fact that is not subject to reasonable dispute because it...can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201 of the Federal Rules of Evidence. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Gamboa v. Tr. Corps*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

**D. Motion to Dismiss the FAC**

In the FAC, Plaintiff raises the following claims: (1) age discrimination under the California Fair Housing and Employment Act ("FEHA"); (2) retaliation under FEHA; (3) failure to prevent discrimination under FEHA; (4) constructive discharge and forced resignation; (5) wrongful termination in violation of public policy; (6) negligent hiring, supervision, and retention; (7) intentional infliction of emotional distress; and (8) negligence. FAC at 1-4.

Defendant moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim without leave to amend, arguing that Plaintiff failed to allege exhaustion of administrative remedies as required by FEHA, and therefore, his age discrimination, retaliation, and failure to prevent discrimination claims, which arise

under FEHA must be dismissed. Def. Mot. at 10-11 (ECF No. 13). Defendant argues that this failure to exhaust extends to Plaintiff's common-law claims of constructive discharge and wrongful termination of public policy. *Id*. Further, Defendant argues that Plaintiff fails to state a claim for each of his causes of action. *Id*. at 11-19. Defendant also argues that the request in the FAC for punitive damages must be dismissed or stricken because Plaintiff failed to allege facts indicating Defendant acted with oppression, fraud, or malice. *Id*. at 19-20.

The Court first addresses the preliminary issue of Plaintiff's supplemental opposition. (ECF No. 25.)

1. <u>Plaintiff's Supplemental Opposition</u>

On July 8, 2026, Plaintiff filed a second opposition to Defendant's motion to dismiss. (ECF No. 25.) Plaintiff did not seek leave of court to file a supplemental brief. Therefore, Plaintiff did not have a right to file a supplemental brief under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). Accordingly, the Court declines to consider Plaintiff's supplemental opposition.

2. <u>FEHA Claims</u>

A plaintiff seeking to bring a claim under FEHA must "first exhaust the administrative remedy provided by the statute, namely filing a complaint with the [California Civil Rights Department ("CRD")][4] and obtaining a right-to-sue notice based on violations of FEHA." *Vizcanio v. Areas USA*, Inc., 2015 WL 1357816, at *2 (C.D. Cal. Apr. 17, 2015) (citing *Blum v. Superior Court*, 141 Cal. App. 4th 418, 422 (2006)). California Government Code Section 12960(c) states that:

> Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint, in writing, that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice

---

[4] This quotation refers to the California Department of Fair Employment and Housing ("DFEH"), which was renamed the California Civil Rights Department ("CRD") effective July 1, 2022. *Department Name Change*, Cal. Civ. Rights Dept. https://calcivilrights.ca.gov/deptnamechange/.

> complained of, and that shall set forth the particulars thereof and contain other information as may be required by the department. The director or his or her authorized representative may in like manner, on his or her own motion, make, sign, and file a complaint.

Cal. Gov. Code § 12960(c). A plaintiff must affirmatively plead exhaustion of administrative remedies. *Vizcanio*, 2015 WL 1357816, at *3 (citing *Kim v. Konrad USA Distribution, Inc*., 226 Cal. App. 4th 1336, 1345 (2014)). The First Amended Complaint does not allege Plaintiff exhausted his administrative remedies under FEHA, including by filing a complaint with the California Civil Rights Department and obtaining a right-to-sue letter. *See* FAC. Therefore, the Court recommends dismissing Plaintiff's age discrimination, retaliation, and failure to prevent discrimination causes of action with leave to amend to the extent that Plaintiff can allege he exhausted his administrative remedies under FEHA.

3. Constructive Discharge and Wrongful Termination in Violation of Public Policy

Defendant moves to dismiss Plaintiff's causes of action for constructive discharge because it is not an independent cause of action and wrongful termination in violation of public policy where the FAC only restates the elements. Def. Mot. at 14-16. As a preliminary matter, the Court agrees with Defendant that constructive discharge is not a standalone cause of action, but rather "a doctrine that transforms what is ostensibly a resignation into a firing." *Turner v. Anheuser-Busch, Inc*., 7 Cal. 4th 1238, 1251 (1994). Therefore, the Court recommends dismissing Plaintiff's constructive discharge as an independent cause of action.

To state a claim for wrongful termination in violation of public policy, Plaintiff must allege "(1) an employer-employee relationship, (2) the employer terminated [Plaintiff's] employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused [Plaintiff] harm." *Yau v. Santa Margarita Ford, Inc*., 229 Cal. App. 4th 144, 154 (2014). "Employment discrimination violates public policy and will support a wrongful discrimination claim." *Galarpe v. United Airlines, Inc*., 2018 WL

348161, at *3 (N.D. Cal. Jan. 10, 2018). "Whether Plaintiff has adequately pleaded a wrongful termination claim is coincident of whether he has adequately pleaded a violation of FEHA." *Id*. Constructive discharge may be used to support a wrongful discharge cause of action. *See Starzynzki v. Capital Public Radio, Inc*., 88 Cal. App. 4th 33, 39-40 (2001). "Constructive discharge occurs when an employer's conduct effectively forces an employee to resign. Although the employee may say 'I quit,' the employment relationship is actually severed involuntarily by the employer's acts, against the employer's will." *Turner*, 7 Cal. 4th at 1244-45. A plaintiff must also allege that his working conditions were "sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job and earn a livelihood and to serve [his] employer." *Id*. at 1246. The court measures these allegations based on an objective standard. *Id*. at 1248.

Defendant also appears to argue that the FAC's allegations are insufficient because Plaintiff inconsistently alleges that it was *Plaintiff's attorney* who advised him to resign to obtain a settlement. *See* Def. Mot. at 16; FAC at 3. While this allegation is inconsistent with Plaintiff's wrongful termination/constructive discharge claims, a plaintiff is permitted to make inconsistent allegations. *See* Fed. R. Civ. P. 8(d)(3). The FAC alleges "Plaintiff's working conditions became intolerable due to discrimination, pressure, and coercion… A reasonable person in Plaintiff's position would have felt compelled to resign." FAC at 3. The FAC also alleges "Defendants (sic) violated [California public policy prohibiting discrimination and retaliation] by forcing Plaintiff to resign." FAC at 5. Plaintiff is merely restating the elements of the cause of action, which is insufficient to state a claim. *See Iqbal*, 556 U.S. at 679. In addition, as described above, Plaintiff has failed to state FEHA age discrimination and retaliation claims. Plaintiff's wrongful termination claim hinges on Defendant violating California public policy by discriminating against and retaliating against him. FAC at 5. Because Plaintiff has failed to state earlier FEHA claims, his wrongful termination claim also fails. *See Galarpe*, 2018 WL 348161, at *3. Therefore, the Court concludes Plaintiff has failed to state a wrongful termination

claim and recommends dismissing this claim.

4. Negligent Hiring, Supervision, and Retention

Defendant also moves to dismiss Plaintiff's negligent hiring, supervision, and retention cause of action as insufficiently pled for only restating elements of the cause of action and for lacking factual detail regarding Defendant's knowledge of a particular risk or hazard. Def. Mot. at 16-17. In pleading negligent hiring, supervision, and retention, a plaintiff must plead facts to establish the elements of negligence, which are duty, breach, causation, and damages. *Dent v. National Football League*, 902 F. 3d 1109, 1122 (9th Cir. 2018). Plaintiff must additionally allege an existing employment relationship and the foreseeability of injury. *Id*. For example, to allege a negligent hiring cause of action, "Plaintiff must demonstrate that the employer 'knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes.'" *Keum v. Virgin America, Inc.*, 781 F. Supp. 2d 944, 951 (N.D. Cal. 2011) (quoting *Delfino v. Agilent Technologies, Inc.*, 145 Cal. App. 4th 790, 815 (2006)).

Defendant argues that Plaintiff's negligent hiring, supervision, and retention claims fail because the FAC fails to allege knowledge and foreseeability. Def. Mot. at 16. The Court agrees, as the FAC only alleges "Defendants negligently hired, trained, and supervised employees who engaged in discriminatory and retaliatory conduct." FAC at 4. In addition to only regurgitating the elements of the cause of action, the FAC fails to allege any facts indicating Defendant's knowledge of a particular risk or hazard. *See Keum*, 781 F. Supp. 2d at 951. The Court agrees that the FAC fails to identify any individual employee whose wrongdoing caused Plaintiff injury. *See* Def. Mot. at 16. Therefore, Plaintiff fails to state a negligent hiring, supervision, and retention claim and the Court recommends dismissing this claim.

5. Intentional Infliction of Emotional Distress

Defendant moves to dismiss Plaintiff's intentional infliction of emotional distress cause of action for failure to state a claim.Def. Mot. At 17-18. To adequately state a claim for intentional infliction of emotional distress, a plaintiff must demonstrate: "(1)

extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Chaconas v. JP Morgan Chase Bank,* 713 F. Supp. 2d 1180, 1187 (S.D. Cal. 2010) (quoting *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009).

The FAC's claim of intentional infliction of emotional distress alleges "Defendants' (sic) conduct was extreme, outrageous and intended to cause emotional harm. Plaintiff suffered severe emotional distress." FAC at 4. Defendant argues that Plaintiff has failed to state a claim because the act of firing an employee is not in itself an outrageous act, Plaintiff has pled only threadbare allegations which warrant dismissal, and the claim is barred by California's Workers' Compensation Act. Def. Mot. at 17-18.

The Court agrees with Defendant that the FAC fails to state a claim because it is once again a "threadbare recital[] of the elements of a cause of action." *See Iqbal*, 556 at 678. In addition, due to the vague pleading in the FAC, the Court is not certain what conduct by Defendant serves as the basis for the intentional infliction of emotional distress claim. Therefore, the Court need not address whether the claim is barred by California's Workers' Compensation Act. *See* Def. Mot. at 18.

6. <u>Negligence</u>

Defendant argues Plaintiff's negligence cause of action fails to state a claim and that Plaintiff improperly attempts to amend his negligence claim in the opposition. Def. Mot. at 19; Def. Reply at 7 (ECF No. 23). Under California law, a negligence claim requires a showing of "duty, breach, causation, and damages." *State Farm General Insurance Company v. General Electric Company*, 799 F. Supp. 3d 996, 1004 (C.D. Cal. 2025) (citation omitted). Defendant argues that Plaintiff's negligence claim is a "bare recitation of the elements of negligence with no factual elaboration whatsoever." Def. Mot. at 19. The Court agrees. Plaintiff alleges that "Defendants (sic) owed Plaintiff a duty of care and breached that duty by coercing his resignation and failing to protect his

rights." FAC at 4. Plaintiff further alleges that he "suffered damages as a result." *Id*. Plaintiff's allegations are conclusory, nonspecific, and fail to allege factual detail. *See Lavery-Petrash v. Sierra Nevada Memorial Hosp*., 2014 WL 334218, at *7 (E.D. Cal. Jan. 29, 2014) (dismissing a plaintiff's negligence claim for being vague, conclusory, and failing to identify any applicable dates, names, locations, and incidents in support of her claims). While Plaintiff's opposition appears to be an attempt to amend his negligence claim by alleging he has stated a different duty and additional allegations regarding breach, the Court may only look to the contents of the FAC in deciding its motion to dismiss. *See In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1046-1047 (C.D. Cal. 2012) ("In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is limited to the contents of the complaint."). Therefore, the Court recommends dismissing Plaintiff's negligence cause of action.

Defendant also contends that Plaintiff improperly attempts to amend his negligence claim by changing his negligence theory in Plaintiff's opposition. *See* Def. Reply at 7. In his opposition, Plaintiff argues Defendant owed a duty to provide a discrimination-free workplace, which is a different negligence theory than what was alleged in the FAC. Pl. Opp. at 5 (ECF No. 19). Though the Court agrees that Plaintiff may not change his negligence theory in his opposition, because the Court recommends dismissing Plaintiff's negligence claim, the Court need not resolve this issue.

7. <u>Punitive Damages</u>

Defendant moves to dismiss or alternatively strike the FAC's claim for punitive damages. Def. Mot. at 19-20. "The proper vehicle for challenging… a punitive damages claim is a motion to dismiss under Rule 12(b)(6). However, 'where a motion is in substance a 12(b)(6) motion but … denominated as a Rule 12(f) motion, a court may convert [the Rule 12(f) motion] into a 12(b)(6) motion.'" *Oushana v. Lowes, Inc*. 2017 WL 5070271, at *2 (E.D. Cal. Nov. 3, 2017).

In a diversity action, the availability of punitive damages is a question of state law.

*Nuwintore v. Mgmt. & Training Corp.*, 2018 WL 3491676, at *7 (E.D. Cal. July 19, 2018) (citing *Central Office Tel. v. AT&T Co.*, 108 F.3d 981, 993 (9th Cir. 1997), *rev'd on other grounds*, 524 U.S. 214, 228 (1998)). Under California law, a claim for punitive damages is an additional remedy that is dependent on a viable cause of action for an underlying tort. *569 E. Cnty. Blvd. LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 429 n.3 (2016). A plaintiff may recover punitive damages for tortious acts under California law when there is "clear and convincing evidence" that the defendant committed the tortious act with "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Malice, as defined by California Civil Code § 3294, is "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the rights and safety of others. Cal. Civ. Code § 3294(c)(1). Meanwhile, oppression is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2).

Defendant argues that Plaintiff's claim for punitive damages should be dismissed for failure to allege fraud, oppression, or malice. Def. Mot. at 20. The FAC's only reference to punitive damages is in the section titled "Prayer for Relief" which seeks "Costs of suit… $800,000,000 including punitive damages and retaliation damages." FAC at 4. Defendant further argues that Plaintiff has failed to satisfy Section 3294(b) which requires when alleging punitive damages against a corporate employer "advance knowledge… ratification, or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).

Plaintiff argues in his opposition that punitive damages are nonetheless properly pled because the alleged discriminatory statements from unknown employees of Defendant that Plaintiff was "too old" and that his resignation was coerced as a condition of his workers' compensation settlement constitute malicious and oppressive conduct. Pl. Opp. at 6 (ECF No. 19).

The Court concludes that Plaintiff has failed to allege whether Defendant ratified

any of the alleged conduct, let alone which employees of Defendant made the alleged statements to Plaintiff. Further, Plaintiff's allegations that he was coerced to resign as a condition of his workers' compensation settlement are conclusory and fail to meet the stated definitions of malicious or oppressive conduct. Therefore, the Court recommends dismissing Plaintiff's punitive damages claim.

8. Leave to Amend

Upon dismissal of any claims, the court is to tell a pro se plaintiff of the complaint's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, Plaintiff should be given leave to amend because it is conceivable that the defects in the Complaint can be cured and due to Plaintiff's pro se status. Plaintiff is granted leave to amend his Complaint to the extent he can allege facts that sufficiently plead his claims. The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff is warned that a formulaic recitation of the elements of a cause of action does not suffice to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57 (2007); Fed. R. Civ. P. 8. To state a claim on which relief may be granted, a plaintiff

must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff elects to file an amended complaint, it should be titled "Second Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiff does not timely file an amended complaint, this will result in a recommendation that this action be dismissed. **Plaintiff is instructed not to file a Second Amended Complaint until <u>after</u> the district judge issues an order on these findings and recommendations. Any amended complaints filed before the district judge rules on these findings and recommendations will be stricken.**

**E. Use of Generative Artificial Intelligence**

Defendant argues Plaintiff has violated Federal Rule of Procedure 11 by misusing generative artificial intelligence ("generative AI"). *See* Def. Sanctions Opp. at 6-7 (ECF No. 21). Specifically, Defendant argues Plaintiff's writing contains generative AI hallmarks and that for each case Plaintiff cites with a parenthetical, the quoted language is absent from the cited opinion. *Id*. Federal Rule of Civil Procedure 11 applies to all parties, including parties such as Plaintiff who are proceeding without an attorney. *See* Fed. R. Civ. P. 11. Though the Court has not issued an order prohibiting the use of generative artificial intelligence  by parties in their pleadings and filings, Plaintiff is cautioned that whether he uses or does not use generative AI or some other tool, Rule 11 still applies and he is responsible to ensure that any pleading or filing submitted to the court: "(1) [ ] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the

factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." *See* Fed. R. Civ. P. 11(b).

Defendant is correct that in Plaintiff's motion for sanctions, Plaintiff attributes quotations to two different cases, but the language Plaintiff quoted does not actually appear in either case. *See* Def. Sanctions Opp. at 6-7; Pl. Sanctions Mot. at 1. The Court has concerns that Plaintiff's submissions to the Court have misquotations of cases, which suggest an irresponsible use of generative AI. "Such misquotations, miscitations, and misrepresentations often indicate the presence of artificial intelligence-generated hallucinations." *Doe 1 v. Lai*, 2026 WL 1004947, at *1 (C.D. Cal. Feb. 17, 2026). Plaintiff does not expressly dispute Defendant's allegations in his reply. *See* Pl. Reply Mot. Sanctions at 4 (ECF No. 24). The Court has separately warned Plaintiff in a different case regarding misrepresentations or misquotations of cases and misstatements of the record. *See Lohbeck v. CSL Plasma, Inc*., No. 2:26-cv-01493-DJC-CSK (PS) (E.D. Cal.), 7/16/2026 Order and Findings and Recommendations at 17-18 (ECF No. 39). Though the Court is concerned by Plaintiff's misquotations in his sanctions motion that indicate the irresponsible use of generative AI, given Plaintiff's pro se status, the Court declines at this time Defendant's invitation to impose sanctions. **Plaintiff is instead warned that he is responsible to ensure that any filing submitted to the court does not contain misquotations, miscitations, misrepresentations, or fictitious or non-existent legal authority, as this may be sanctionable pursuant to Rule 11(b) and the court's inherent authority. Plaintiff is responsible for ensuring that all legal authority cited in his filings is authentic and accurately cited. This warning was also provided at the hearing that Plaintiff did not attend.**

/ / /

/ / /

## IV. CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1. Plaintiff's motion for remand (ECF No. 10) be DENIED.
2. Plaintiff's motion for sanctions (ECF No. 17) be DENIED.
3. Defendant's motion to dismiss the First Amended Complaint (ECF No. 13) be GRANTED.
4. Plaintiff shall have thirty (30) days from the date of this order to file a Second Amended Complaint. **Plaintiff is instructed not to file a Second Amended Complaint until <u>after</u> the district judge issues an order on these findings and recommendations.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, lohb.2007.26.mtd.remand.sanc